CARLIE CHRISTENSEN, United States Attorney (#633)
DANIEL R. STRONG, Special Assistant United States Attorney (#13614)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT
2015 JUN 17  3: 09
DISTRICT OF UTAH
BY:_____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. STEPHEN LAWRENCE DEAN, Defendant. | Case No. 2:15-CR-00166 DB STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) Judge Dee Benson |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 1, Felon in Possession of a Firearm are:

    1. After having been previously convicted of a felony punishable by more than one year;

    2. I knowingly possessed firearms;

    3. In or affecting interstate commerce.

2. I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of up to ten (10) years, a fine of two-hundred and fifty-thousand dollars ($250,000), a term of supervised release of up to three (3) years, and any applicable forfeiture. I understand

that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

  a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

  b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

  4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

  6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

   d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

   e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

   f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

   g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

   h. It requires a unanimous verdict of a jury to convict me.

   i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

  7. If I plead guilty, I will not have a trial of any kind.

  8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

  9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

  10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

  11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On December 5, 2014, on property near Delta, Utah, in the Central Division of Utah, I knowingly possessed firearms. Specifically, I possessed a Rockriver LAR-15 rifle and a Belknap 12-guage shotgun. I fired both guns at targets on property where I keep my bus. Prior to that date, I had been convicted of being a Felon in Possession of Ammunition, a felony punishable by more than one year of imprisonment. I now know the firearms I possessed traveled in and affected interstate commerce.

  12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

   a. **Guilty Plea.** I will plead guilty to Count 1 of the Indictment.

   b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be five years' probation, with early termination possible at the discretion of the court. I agree that five years'

3

probation, with early termination possible at the discretion of the court, is a reasonable sentence.

(1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of five years' probation, with early termination possible at the discretion of the court, will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than five years' probation, with early termination possible at the discretion of the court, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

d. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in (2)(a) above, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)   I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority.

13.   I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.   I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*   *   *   *

I make the following representations to the Court:

1.   I am _47_ years of age. My education consists of _High School Diploma_ I _can_ [can/cannot] read and understand English.

2.   This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

5

3.   No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.   Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.   I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.   I am satisfied with my lawyer.

7.   My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.   I have no mental reservations concerning the plea.

9.   I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 16th day of June, 2015

Stephen Lawrence Dean
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 16 day of June, 2015

Ben Hamilton

6

Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 16 day of June, 2015

CARLIE CHRISTENSEN
United States Attorney

Daniel R. Strong
Special Assistant United States Attorney